IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-66-BO

| | |
|---|---|
| RANDY LAWRENCE,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)   **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22, 26]. A hearing on this matter was held in Edenton, North Carolina on November 17, 2015. For the following reasons, this matter is remanded for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff applied for Title XVI supplemental security income benefits on December 2, 2009, alleging disability as of June 29, 2008. [Tr. 141, 319–326]. His application was denied initially and upon reconsideration. [Tr. 205–22]. After a hearing, an Administrative Law Judge (ALJ) rendered an unfavorable decision on December 22, 2011. [Tr. 171]. Upon review, the Appeals Council remanded the case for further administrative action. [Tr. 198–200]. After a second hearing, a different ALJ again rendered an unfavorable decision. [Tr. 23]. The Appeals Council denied Mr. Lawrence's request for review, rendering the second ALJ's decision the final decision of the Commissioner on September 5, 2014. [Tr. 10–12]. Mr. Lawrence now seeks judicial review. He was 42 years old as of his alleged onset date. He has a high school education and past work experience as a forklift operator and loader.

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether there is substantial evidence to support the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his application date. [Tr. 28]. The ALJ found that Mr. Lawrence's lumbar spondylosis, traumatic arthritis of the right ankle, osteoarthritis of the hips, hypertension, diabetes mellitus, renal disease, chronic pancreatitis, and left eye

2

blindness constituted severe impairments at step two but were not were found alone or in combination to meet or equal a listing at step three. [Tr. 28–30]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of sedentary work with numerous exertional limitations, including a prohibition against work that involves dangerous machinery or requires depth perception. [Tr. 31]. The ALJ then found that Mr. Lawrence was unable to do his past relevant work. [Tr. 35]. Relying on the testimony of a vocational expert, however, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff was capable of performing, including document preparer, direct mail clerk, and telemarketer. [Tr 35–36]. Therefore, the ALJ concluded that plaintiff was not disabled.

Plaintiff alleges that the RFC fails to account for a number of plaintiff's limitations. The Court agrees. The ALJ listed plaintiff's back, hip, and ankle problems as severe impairments. Medical evidence in support of those impairments includes MRIs of Mr. Lawrence's lumbar spine and hips done by Dr. Peter Spohn, an orthopedic surgeon. [Tr. 765–67, 923]. As part of his treatment and diagnosis, Dr. Spohn prescribed a cane in March 2011. [Tr. 770, 774]. This prescription was echoed by Dr. Jamie Udwadia, a rehabilitative medicine specialist, in December 2012. [Tr. 1143–45]. Despite these prescriptions, the ALJ failed to discuss Mr. Lawrence's need for a cane. This omission is particularly important given Social Security Rule 96–9p, which defines sedentary work and states that the occupational base for a person who must use an assistive device for balance may be significantly eroded. While the Commissioner argues that the record lacks "medical documentation establishing the need for a hand-held assistance device to aid in walking to standing, and describing the circumstances for which it is needed," as required by SSR 96–9p, the Commissioner cannot engage in Monday morning quarterbacking. The ALJ

3

did not discuss the standard set forth by SSR 96–9p. It is not for the Commissioner on review or this Court to weigh the evidence against the applicable standards—the ALJ must do so himself.

The ALJ further failed to consider Mr. Lawrence's memory issues and edema. Though neither was categorized as severe impairments, an ALJ must consider all medically determinable impairments when formulating the RFC. 20 C.F.R. §§ 404.1545(a)(2), (e). There is significant evidence in the record concerning Mr. Lawrence's memory issues, including his own self-reporting of memory loss and confusion and medical evidence from Dr. Philippi, a neurologist. [Tr. 818–22, 1157–62]. While the cause of Mr. Lawrence's memory loss is unclear, the ALJ clearly should have considered these issues when formulating the RFC. Similarly, there is significant medical evidence in the record regarding Mr. Lawrence's lower leg and corresponding need to elevate his legs. [Tr. 686–87, 756–57, 803–04]. Dr. Warren opined that as a result of the edema, Mr. Lawrence was unable to sit for six hours out of an eight hour day without elevating his legs for significant periods of time. Despite this evidence, the ALJ failed to even discuss Mr. Lawrence's edema and need to elevate his legs.

Although the Commissioner argues that medication resolved plaintiff's edema, and that the ALJ determined that Mr. Lawrence's memory issues and need for a cane did not require work restrictions, the record belies this argument. The ALJ never discussed these issues when formulating plaintiff's RFC. The failure to do so is particularly significant given that without including these issues, plaintiff was limited to a severely restricted range of sedentary work.[1]

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse

---

[1] In a practical sense, the Court questions whether plaintiff would be considered qualified for the office-type jobs suggested by the vocational expert given that his entire work history is limited to operating heavy machinery; however, that is not the issue before this Court.

4

without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case, as the Court cannot adequately assess the propriety of the RFC given the ALJ's failure to address all of plaintiff's limitations. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the ALJ is to consider the effects of Mr. Lawrence's memory impairments, need to use a cane and need to raise his legs on the RFC. If necessary, the ALJ is directed to formulate an appropriate hypothetical that includes these limitations to the vocational expert.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED, defendant's motion for judgment on the pleadings [DE 26] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this **24** day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE